OPINION
Appellant Michael Cochran appeals a judgment of the Licking County Municipal Court convicting him of driving under suspension (R.C.4507.02(B)(1)) and driving outside marked lanes (R.C. 4511.33), upon a plea of no contest:
 ASSIGNMENTS OF ERROR FIRST ASSIGNMENT OF ERROR THE DEFENDANT-APPELLANT WAS DENIED HIS OHIO AND UNITED STATES CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S REQUEST TO FILE AN UNTIMELY MOTION TO SUPPRESS EVIDENCE.
According to the police reports filed in the instant case, on July 23, 2000, Officers Andy Waugh and Kenneth Schwart, of the Pataskala Police Department, had just finished a traffic stop, when they noticed a vehicle ahead of them strike the berm. When they pulled closer, they noticed the vehicle weaving. The vehicle struck the fog line several times, crossing the line completely on one occasion. At this point, the officers stopped the vehicle. Appellant, who was the driver of the vehicle, immediately got out of the car. The officers ordered him to get back into his vehicle. Appellant stated that he did not have a driver's license. The license bureau confirmed that he was driving under an FRA suspension. At this point, appellant was arrested for driving under suspension. He was transported to the Pataskala Police Department for processing of paperwork. Appellant was very belligerent. He began using profanity, indicating that the arrest was racially motivated. He indicated that there was no need to do the paperwork, because he was going to kill himself before the case made it to court. When asked for information about the owner of the vehicle which he was driving, he refused to provide any information. When asked the phone number of the owner, he replied, "339-BITCH." Eventually, appellant was released on his own recognizance, and his mother transported him home. Counsel for appellant appeared in the matter on July 27, 2000. Appellant was arraigned on August 1, 2000. On October 6, 2000, appellant filed a motion to suppress and a request to file a motion to suppress in an untimely fashion. The trial court denied the request to file the untimely motion, and overruled the motion to suppress. On October 19, 2000, appellant entered a plea of no contest to driving under suspension and failure to drive in marked lanes.
 I
Appellant argues that his trial counsel was ineffective for failing to file a timely motion to suppress. Counsel is not ineffective unless the performance fell below an objective standard of reasonable representation, and the defendant was prejudiced by such performance. Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley (1989),42 Ohio St.3d 136, cert. denied, 497 U.S. 1011. To show prejudice, the defendant must show that counsel not erred, there is a reasonable probability that the outcome of the proceeding would have been different. Id. Further, prejudice sufficient to justify reversal exists only where the result of the trial was unreliable or the procedure was rendered fundamentally unfair by the performance of counsel. State v. Carter (1995), 72 Ohio St.3d 545, 558, cert. denied, 516 U.S. 1014. Appellant has not demonstrated that had the motion been filed in a timely manner, it would have been granted, and the evidence that appellant was driving without a valid license would have been suppressed. Because there was no suppression hearing and no trial, there is no testimony by the arresting officers in the instant case. The police reports indicate that the vehicle was weaving, and crossed the fog line once. While appellant argues this was a de minimis violation, we have no way to determine the extent of the weaving in the absence of the officers' testimony. Thus, the record does not reflect that had the motion been timely filed, there is a reasonable probability that it would have been granted. Further, appellant has not demonstrated that the result of the proceeding was unreliable, or the procedure was rendered fundamentally unfair by the failure to timely file a suppress motion. The first assignment of error is overruled.
 II
Appellant argues that the court abused its discretion in overruling his request to file an untimely motion to suppress evidence. Crim.R. 12 (C) provides that the court may extend the time for making pre-trial motions in the interest of justice. In the motion for leave to file an untimely motion to suppress, appellant did not set forth any reason specifying why allowing the motion would be in the interest of justice. The motion states in very general terms that the failure to timely file the motion was "wholly the fault of counsel, and not due to any negligence, or lack of diligence or attempt to avoid the consequences of his actions by Mr. Cochran." As noted by the court in the judgment overruling the motion, appellant noted no new facts or circumstances which had arisen since the time for filing the motion had passed, nor any specific circumstances requiring the delay. Further, as noted by the court, the officers' statement filed in the case indicated that appellant's vehicle was weaving, in addition to striking the fog line. Appellant has not demonstrated an abuse of discretion in failing to allow him to file an untimely motion to suppress. The second assignment of error is overruled.
The judgment of the Licking County Municipal Court is affirmed.
 __________ Gwin, P.J.
Hoffman, J., and Boggins, J., concur.